**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| RICKEY JOHNSON | CIVIL ACTION NO. 09-0055 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before this Court is a Motion to Dismiss (Record Document 4) filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The instant motion has been filed by the Office of the Public Defender for the Eleventh Judicial District ("Public Defender's Office") and its Chief Public Defender, Steven R. Thomas ("Thomas"), two of defendants named in the case herein. The defendants filing the motion allege that the Public Defender's Office and Thomas, in his official capacity as Chief Public Defender, do not constitute state actors for purposes of a civil rights claim under 42 U.S.C. § 1983. As such, they allege that the plaintiff, Rickey Johnson ("Johnson"), has failed to state a claim for which relief can be granted as the complaint lacks an essential element of a Section 1983 action. For the reasons that follow, the Motion to Dismiss is **GRANTED** and the case as to the Public Defender's Office and Thomas is **DISMISSED**.

**I.    BACKGROUND.**

On January 13, 2009, Johnson filed a lawsuit against the Public Defender's Office, Thomas, and fifteen other defendants alleging that his civil rights had been violated. See Record Document 1. In the complaint, Johnson states that he was wrongfully arrested for rape in 1982. See id. William Dyess ("Dyess"), of the Indigent Defender Board, was appointed to represent Johnson in the criminal matter. See id. Despite a "spirited

defense" from Dyess, Johnson was convicted and sentenced to life in prison without the possibility of parole. Id. In 2007, the Innocence Project in New York took up Johnson's cause and was able to secure a court order for DNA testing on the contents of the sex crimes kit taken from the rape victim in 1982. See id. The DNA testing conclusively excluded Johnson as the rapist. See id. Three and a half weeks later, Johnson was released from the Angola Prison in Louisiana. See id. All told, Johnson had spent twenty-five years in prison. See id.

Johnson received $150,000 from the Louisiana Legislature pursuant to LSA:R.S. 15:572.8, an amount that he contends is "woefully inadequate" for the twenty-five years he spent in prison for a crime he did not commit. See id. In return for these alleged civil rights violations, Johnson seeks compensation for those lost twenty-five years of his life and resulting damages, and recompense for violations of his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights under the US Constitution. See id.

Johnson has filed suit against Thomas, in his official capacity only, as the Chief Public Defender, and against the Public Defender's Office as the successor to the now defunct Indigent Defender Board. See id. He alleges that these two defendants, acting under color of state law, are at least partially responsible for his wrongful imprisonment. See id. Specifically, Johnson alleges that the Indigent Defender Board, due to inadequate financing and training of its attorneys, was unable to provide him with an adequate defense, and failed to recognize similarities between his case and a subsequent rape case (a case that the Indigent Defender Board also accepted), which would have raised suspicion as to the righteousness of his conviction. See id.

Defendants Thomas and Public Defender's Office have filed the instant motion

alleging that they are not actors "under color of state law" as required for a valid Section 1983 claim. See Record Document No. 4. Accordingly, they argue that Johnson is missing an essential element of a Section 1983 cause of action, and has failed to state a claim against them for which relief may be granted. See id.

**II.    LAW AND ANALYSIS.**

In deciding a Rule 12(b)(6) motion to dismiss, the district court must "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). Notwithstanding, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." Id., citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. Yet, if the allegations set forth in the complaint, even if true, could not raise a claim of entitlement to relief, the court will expose the basic deficiency "at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).

As grievous as the facts alleged in Johnson's complaint are, they do not support a cause of action against Thomas and the Public Defender's Office under 42 U.S.C. § 1983. Section 1983 provides an avenue for private plaintiffs to sue state actors for constitutional violations. See 42 U.S.C. § 1983 (2006). A critical element for a Section 1983 claim is that the named defendant be "acting under color of state law" when the constitutional violation occurs. See id. If the defendant is not acting under color of state law, there is no cognizable claim under Section 1983.

The Supreme Court has made clear that public defenders do not act under color of state law when representing their indigent clients. See Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453 (1981); see also Vermont v. Brillon, 129 S. Ct. 1283, 1291 (2009).[1] In so holding, the Court has noted that the public defender, when performing a lawyer's traditional functions as counsel to a criminal defendant, is not dependent on the state authority, but is more appropriately viewed as an adversary of the state. See Polk County, 454 U.S. at 319, 322, 323, 102 S.Ct. at 450, 452. The Court explained:

> From the moment of [the public defender's] appointment, [the public defender] became [the defendant's] lawyer, and [the defendant] became [the public defender's] client. Except for the source of payment, their relationship became identical to that existing between any other lawyer and client. Once a lawyer has undertaken the representation of an accused the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program. . . .
>
> Within the context of our legal system, the duties of a defense lawyer are those of a personal counselor and advocate. . . . [A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor "under color of state law within the meaning of § 1983. . . . [Our legal system] posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interests of his client."

Id. at 318-19, 102 S.Ct. at 449-450 (emphasis added, citations and footnotes omitted). A public defender's duty is to their client, not to the state. The job of a public defender is to go toe-to-toe with the prosecution (who acts on the state's behalf) and thwart their efforts to put the defendant—the public defender's client—in prison. As such, the public defender is not a state actor for Section 1983 purposes.

---

[1] The Court's holding does not, however, state that a public defender can never act under color of state law. The Court in Polk and Brillon noted that public defenders may be treated as state actors in making employment decisions or in performing certain administrative or investigatory functions. See Polk County, 454 U.S. at 325; Brillon 129 S. Ct. at 1291 n.7. These types of instances, however, are not implicated in the instant case.

Nowhere in Johnson's complaint does he allege that the Indigent Defender Board or his appointed counsel acted in concert with the prosecution or colluded with the prosecution. In fact, Johnson states that his appointed counsel, Dyess, "presented a spirited defense" when representing him in the underlying criminal matter. See Record Document No. 1. Accordingly, Johnson has failed to establish in his complaint an essential element of the case—that the party who allegedly violated his constitutional rights be a state actor. With this essential element lacking, Johnson has failed to set forth a cognizable claim.

### III. CONCLUSION.

Based on the foregoing, Johnson has failed to state a cause of action for which relief may be granted. His claims under 42 U.S.C. § 1983 against Thomas and the Public Defender's Officer cannot proceed. Thus, the Motion to Dismiss is **GRANTED** and Johnson's Section 1983 claims against Thomas and the Public Defender's Office are **DISMISSED**.

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this 18th day of June, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE